IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| AMANDA STOCKSTELL, | ) | |
| | ) | No.   3:08-cv-00077-JAJ-TJS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| RANDY TINNES, JERRY | ) | |
| DUNBAR, WASHINGTON | ) | |
| COUNTY. | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

1. This complaint arises out of an arrest occurring on October 30, 2006. Plaintiff seeks damages for excessive force used against her during the execution of an arrest warrant.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. § 1343 (a) (1) and (3) and 28 U.S.C. § 1331.

3.   Districts courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367 (a).   Since the battery, and negligence claims arise out of the same

1

incident as Ms. Stockstell's federal claim for excessive force, this Court has supplemental jurisdiction over Mr. Stockstell's state law claims.

4. All actions of Defendants were taken under the color of state law.

## VENUE

5. This case is venued in the Davenport Division of the Southern District of Iowa because this event took place in Washington, Iowa, which is located in Washington County.

## JURY DEMAND

6. Ms. Stockstell demands trial by jury.

## PARTIES-PLAINTIFF

7. Amanda Stockstell resides in Coralville, Iowa. She resided in Wellman, Iowa on October 30, 2006.

## PARTIES-DEFENDANTS

8. Defendant Randy Tinnes was a Washington County Sheriff's deputy at on October 30, 2006. He is sued in his individual capacity, and official capacity.

9. Defendant Jerry Dunbar is the Sheriff for Washington County. He was also the Washington County Sheriff on October 30, 2006. Sheriff Dunbar is sued in his individual and official capacity.

10. Washington County is a political subdivision of the State of Iowa.

11. At all times relevant to this Complaint, Defendants acted under color of State law.

## RELEVANT FACTS

12. In late summer of 2006, Amanda Stockstell's brother died of a methadone overdose.

13. Shortly thereafter, Ms. Stockstell became a witness against the two suppliers who gave methadone to her brother.

14. Because of role as a federal witness, Stockstell feared retaliation by the two suppliers of methadone, especially if she ever became incarcerated.

15. Washington Police Chief Greg Goodman knew of Stockdell's role as a federal witness.

16. Stockstell communicated her safety concerns to Chief Goodman.

17. Goodman assured her that if she were ever to be arrested, he would personally assure her safety, and would be present during any arrest.

18. On October 27, 2006, Amanda Stockstell was on probation for two counts of forgery, or altering prescriptions. Both convictions arose out of Johnson County, Iowa.

19. On October 27, 2006, Amanda Stockdell's probation officer, Joey Mattasack, told Ms. Stockstell that a warrant would be issued due to her probation violations.

20. On October 28, 2006, Deputy Tom Ulin told Ms. Stockstell not to worry about the arrest warrant.

21. Ulin told her that Johnson County was not going to transport her back to Iowa City. So she could just turn herself in on October 30, 2006.

22. On October 30, 2006, Sheriff Jerry Dunbar, Randy Tinnes, and Darren Dennler arrived at Stockstell's house to arrest her.

23. Stockstell requested to call Chief of Police Goodman first.

24. Stockstell wanted to talk to Goodman so he could assure her safety after she went to jail.

25. Goodman was not available during that day.

26. Fearing for her safety, Stockstell refused to come out until Chief of Police Goodman contacted her, or arrived as the scene.

26A. The Defendants knew that Police Chief Goodman played racket ball at that time of day. Yet, they willfully failed to call Mr. Goodman.

26B. If Mr. Goodman had come to the scene, Ms. Stockstell would have consented to being placed in custody.

27. After about three hours, Jerry Dunbar, Darren Dennler, and Randy Tinnes forcibly entered Stockstell's house.

28. At the time of forced entry, Stockstell was talking on the cell phone, and in the other hand, she had a picture.

29. Stockstell posed no threat to herself, or others.

30. First, one of the officers Tasered Ms. Stockstell.

31. She did not go down after being Tasered.

32. Then, Deputy Tinnes fired two shots from a bean bag gun.

33. The first shot hit Ms. Stockstell in the upper left thigh.

34. The second shot hit Stockstell in her right knee cap.

35. As a result of the bean bag shots, Ms. Stockstell suffered a fractured knee. She also suffered a significant loss of muscle and flesh in her upper left thigh.  This disfigurement is permanent.

36. Deputy Tinnes used a 12 gauge gun, which used "bean bags" as bullets.

37. Such guns can kills suspects if the suspect is less than 10 feet from the firearm.

5

38.     Prior to being shot, Ms. Stockstell held a picture of her father in one hand, and a cell phone in the other hand.

39.     Prior to being shot, Ms. Stockstell did not pose a threat to herself, others, or to law enforcement officers.

40.     At the time Mr. Tinnes shot Ms. Stockstell, Stockstell was within 10 feet of Mr. Tinnes.

41.     In shooting Ms. Stockstell at such a close range, Mr. Tinnes used near lethal force.

42.     Lethal force should only be used if the suspect poses an immediate threat of serious bodily harm, or death to an officer, or member of the public.

43.     Even assuming Ms. Stockstell posed an immediate threat to herself (which she strongly denies), lethal force should not be used against such a person.

44.     Mr. Tinnes' actions, in shooting Ms. Stockstell at such close range, also posed a significant risk of serious injury to Ms. Stockstell.

45.     The bean bag gun qualifies as a "dangerous weapon" under Iowa Code Section 702.7.

## CAUSES OF ACTION

**COUNT I- 4TH AMENDMENT UNREASONABLE SEIZURE**

46. The Plaintiff realleges paragraphs 1-45 with the same force and effect as if set forth fully herein.

47. Officer Tinnes used excessive force by shooting Ms. Stockstell twice with a 12 gauge bean bag gun.

48. Such force was excessive, and unreasonable.

49. Officer Tinnes violated Ms. Stockstell's right to be free from unreasonable seizures under the 4th and 14th Amendments to the United States Constitution, and 42 U.S.C § 1983.

50. As a result, Ms. Stockstell has suffered permanent scarring, permanent injury, medical expenses, pain and suffering.

**COUNT II-FAILURE TO SUPERVISE AND TRAIN 4th and 14TH AMENDMENTS.**

51. The Plaintiff realleges paragraphs 1-50 with the same force and effect as if set forth fully herein.

52. As Sheriff of Washington County, Sheriff Dunbar had a duty to maintain policies and procedures for the use of force against citizens of Washington County.

53. Sheriff Dunbar failed to implement an adequate policy relating to the use of the bean bag gun.

54A. Sheriff Dunbar failed to adequately train Mr. Tinnes regarding the safe use of the bean bag gun, and the risks associated with the use of the bean bag gun.

54B. The training manual for the 12 gauge shot gone put Mr. Dunbar notice of the risks associated with the use of the gun.

55. Sheriff Dunbar's failure to train Mr. Tinnes demonstrated a deliberate indifference to the health and safety of citizens such as Ms. Stockstell.

56. These failures, combined with Sheriff Dunbar's own role in the arrest, proximately caused Ms. Stockstell's injuries.

57. Defendant's failure to maintain adequate training procedures violated Ms. Stockstell's right to be from unreasonable seizure under the 4th and 14th Amendments, and her right to substantive due process under the 5th and 14th Amendments.

57A. This Count is brought under Section 1983.

## COUNT III-INADEQUATE POLICY, OR CUSTOM 4TH AND 14TH AMENDMENTS.

58. Plaintiff reasserts paragraphs 1-57 as if set forth herein.

58A.   Sheriff Dunbar, in his official capacity as sheriff for Washington County, and Defendant Washington County failed to maintain an adequate policy, or custom regarding the use of bean bag firearms against citizens.

59.    The lack of policy, or custom, proximately caused Ms. Stockstell's injuries, and violated Ms. Stockstell's right to be free from excessive force and unreasonable seizures under the 4th and 14th Amendments to the U.S. Constitution.

59A.   This claim is brought under Section 1983.


**COUNT IV-COMMON LAW NEGLIGENCE (STATE CLAIM)**

60.    The Plaintiff realleges paragraphs 1-59A with the same force and effect as if fully set forth herein.

61.    Defendant Tinnes failed to act as a reasonable officer would under the circumstances.

62.    Defendant Tinnes' negligence proximately caused Ms. Stockstell's injuries.

63.    Plaintiffs submits this count as a supplemental state law claim.


**COUNT V-NEGLIGENT FAILURE TO TRAIN (STATE CLAIM)**

64.    The Plaintiff realleges paragraphs 1-63 with the same force

and effect as if fully set forth herein.

65. Defendant Dunbar owes a common law duty to train his subordinate officers regarding the use of force, and use of weapons.

66. Defendant Dunbar unreasonably failed to train Mr. Tinnes.

67. Defendant's actions proximately caused Ms. Stockstell's injuries.

67A. This claim is brought as a supplemental state law claim.

**COUNT VI - RESPONDEAT SUPERIOR (STATE CLAIM)**

68. The Plaintiff realleges paragraphs 1-67 with the same force and effect as if fully set forth herein.

69. Defendant Tinnes, and Dunbar acted in the course of their employment at all times alleged in this Complaint.

70. Defendant Tinnes, and Dunbar both work for Washington County.

71. Washington County is liable under the respondent superior for all negligent acts committed by their employees within the course of their employment.

**COUNT VII - BATTERY (STATE CLAIMS)**

**7**2. Plaintiff alleges facts 1-71 as if set forth herein.

73. Defendant Tinnes intentionally shot Ms. Stockstell without any legitimate purpose.

74. Defendant did so with intent to cause pain and injury to Ms. Stockstell.

75. Defendant's Tinnes' actions directly caused Ms. Stockstell's mental and emotional injuries.

## RELIEF REQUESTED

WHEREFORE, for the various violations of the various grounds as alleged above, Plaintiff seeks, nominal, compensatory damages, past and future medical expenses, attorneys fees under 42 U.S.C. Section 1988, and punitive damages.

          RESPECTFULLY SUBMITTED,

          /s/ Rockne Cole
          _____
          ROCKNE O. COLE
          Iowa Bar: 16862

          209 E. Washington, Ste. 305
          Iowa City, Iowa 52240
          (319)358-1900
          (319)358-1902 FAX
          rocknecole@mchsi.com

          ATTORNEY FOR PLAINTIFF