# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# DAVENPORT DIVISION

| | | |
|---|---|---|
| AMANDA STOCKSTELL, | * | CIVIL NO. 3:08-CV-00077-TJS |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **PRELIMINARY JURY** |
| | * | **INSTRUCTIONS** |
| JERRY DUNBAR, RANDY TINNES, | * | |
| WASHINGTON COUNTY, | * | |
| | * | |
| Defendants. | * | |

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

## PRELIMINARY INSTRUCTION NO. 1

This is a civil case brought by the plaintiff, Amanda Stockstell, against the defendants Jerry Dunbar, Randy Tinnes, and Washington County.  Plaintiff alleges that on October 30, 2006, Washington County Sheriff Jerry Dunbar and Deputy Sheriff Randy Tinnes used excessive force against her by shooting her leg with a less than lethal bean bag 12 gauge shotgun.  Defendants deny plaintiff's allegations.  It will be your duty to decide from the evidence whether Amanda Stockstell is entitled to a verdict against Jerry Dunbar, Randy Tinnes, and Washington County.

From the evidence you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

**PRELIMINARY INSTRUCTION NO. 2**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; and any facts that have been stipulated - that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

## PRELIMINARY INSTRUCTION NO. 3

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

## PRELIMINARY INSTRUCTION NO. 4

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness. The clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them on your chair.

When you leave at night, your notes will be secured and not read by anyone. The notes will remain confidential throughout the trial and will be destroyed at the conclusion of the trial.

# PRELIMINARY INSTRUCTION NO. 5

Certain testimony from a deposition may be read into evidence or played from a videotape. A deposition is testimony taken under oath before the trial and preserved in writing or on videotape. Consider that testimony as if it had been given in court.

## PRELIMINARY INSTRUCTION NO. 6

During the trial, you may hear the word "interrogatory." An interrogatory is a written question asked by one party of another, who must answer it under oath in writing. Consider interrogatories and the answers to them as if the questions had been asked and answered here in court.

## PRELIMINARY INSTRUCTION NO. 7

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me.  If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio, television or Internet reports about the case or about anyone involved with it.  In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals and listening to any television, radio or Internet newscasts.  I

do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.  I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to decide it.

*Sixth*, do not do any research or make any investigation on your own about any matter involved in this case.  By way of examples, that means you must not consult a dictionary, textbook or encyclopedia, go to the Internet or consult any other source for information about some issue or person in this case.  You must learn about this case from the evidence you receive here at trial and apply it to the law as I give it to you.

*Seventh*, cell phones are not permitted in the jury room during deliberation.

*Eighth*, do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

**PRELIMINARY INSTRUCTION NO. 8**

The trial will proceed in the following manner:

First, the plaintiff's attorney may make an opening statement. Next, the defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for defendants may cross-examine. Following the plaintiff's case, the defendants may present evidence and plaintiff's counsel may cross-examine.

After presentation of evidence is completed, I will instruct you further on the law. The attorneys will then make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. After that you will retire to deliberate on your verdict.

Dated March 9, 2010.

_____
THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE